**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULYNDA M. WALKER,<br><br>   Plaintiff,<br><br>   v.<br><br>TRANSUNION, LLC and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>   Defendants. | Case No. 5:21-cv-01048<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes JULYNDA M. WALKER ("Plaintiff"), by and through the undersigned, complaining as to the conduct of TRANSUNION, LLC ("TransUnion"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a natural person over 18 years-of-age residing in San Bernardino County, California, which falls within the Central District of California.

6. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of

California. TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

7. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California. Experian maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, California.

## FACTS SUPPORTING CAUSE OF ACTION

8. In approximately early 2021, Plaintiff was checking her credit reports and noticed a Gold Acceptance Corporation ("GAC") trade line ("subject account") appearing on her credit reports.

9. Plaintiff was extremely concerned and confused by the subject account reporting on her credit reports, as Pacific Credit Exchange ("Pacific") assumed the servicing of the subject account.

10. As such, GAC was incorrectly reporting that it was servicing the subject account, when in fact that was not the case.

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html

3

11. Moreover, the subject account was reported twice on Plaintiff's credit reports because Pacific also began reporting the subject account on Plaintiff's credit reports

12. Consequently, Plaintiff initiated written credit disputes with TransUnion and Experian on or about March 21, 2021. Specifically, Plaintiff informed TransUnion and Experian of the incorrect information on her credit reports and demanded that Defendants update their reporting to accurately reflect the subject account.

13. Upon information and belief, GAC received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with TransUnion and Experian. *See* 15 U.S. Code § 1681i(a)(2).

14. TransUnion and Experian neglected to respond to Plaintiff's March disputes within 30 days of the dispute.

15. Instead, rather than conduct a reasonable investigation into Plaintiff's disputes, TransUnion and Experian simply continued to report the inaccurate trade line.

16. As such, TransUnion and Experian failed to reasonable investigate Plaintiff's credit disputes within 30 days of Plaintiff's dispute. Specifically, TransUnion and Experian failed to provide any response to Plaintiff's credit disputes despite being provided clear information that the subject account was being reported inaccurately.

17. As such, despite having actual knowledge that they were reporting inaccurate information on Plaintiff's credit file, Defendants continued to report the subject debt in an inaccurate manner.

4

18. The reporting of the GAC trade line is patently inaccurate and materially misleading because it paints Plaintiff's creditworthiness in a false light.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

19. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and thus a high-risk consumer.

20. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

21. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of monthly credit monitoring services, the loss of credit opportunity, decreased credit score, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

22. Due to the conduct of Defendants, Plaintiff was forced to retain counsel, yet again, to correct the inaccuracies in her TransUnion and Experian credit files.

**COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
(AGAINST TRANSUNION)

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

25. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

26. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

27. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

28. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

29. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

30. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

6

31. Plaintiff provided TransUnion with all relevant information in her March request for investigation to reflect that the subject account was being reported inaccurately.

32. TransUnion failed to respond and investigate the nature of Plaintiff's dispute, instead preparing Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account in an incorrect and erroneous manner.

33. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

34. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

35. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to GAC. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to GAC regarding Plaintiff's dispute that TransUnion received from Plaintiff.

36. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

37. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

38. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from GAC that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

39. TransUnion knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the GAC trade line as delinquent and with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

40. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

41. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

42. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

43. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

44. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

45. TransUnion acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff notified TransUnion of the inaccurate nature of such information.

46. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

47. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

WHEREFORE, Plaintiff, JULYNDA M. WALKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

  b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

  c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

9

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

50. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

51. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

52. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

53. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

54. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

55. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

56. Plaintiff provided Experian with all relevant information in her March request for investigation to reflect that the subject account was being reported inaccurately.

57. Experian failed to respond and investigate the nature of Plaintiff's dispute, instead preparing Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account in an incorrect and erroneous manner.

58. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

59. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

60. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to GAC. Upon information and belief, Experian also failed to include all relevant information as part of the notice to GAC regarding Plaintiff's dispute that Experian received from Plaintiff.

61. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

62. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

63. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from GAC that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

64. Experian knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the GAC trade line as delinquent and with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

65. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

66. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

12

67. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

68. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

69. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

70. Experian acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff notified Experian of the inaccurate nature of such information.

71. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

72. As stated above, Plaintiff was severely harmed by Experian's conduct.

WHEREFORE, Plaintiff, JULYNDA M. WALKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

h. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

i. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

j. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

k. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

l. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

m. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

n. Award any other relief as this Honorable Court deems just and appropriate.

Dated: June 22, 2021       Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com